United States Court of Appeals for
the District of Columbia Circuit

**No. 24-1113**

(and Consolidated Cases Nos. 24-1130 & 24-1183)

TIKTOK INC. and BYTEDANCE LTD.,

*Petitioners,*

*v.*

MERRICK B. GARLAND, in his official capacity as
Attorney General of the United States,

*Respondent.*

(Caption Continued on Inside Cover)

On Petition for Review of the Protecting Americans from
Foreign Adversary Controlled Applications Act

**MOTION OF *AMICUS CURIAE* THE FOUNDATION FOR DEFENSE OF DEMOCRACIES FOR A WAIVER OF THIS COURT'S RULE 28(a)(2)**

Peter C. Choharis
Arnon D. Siegel
The Choharis Law Group, PLLC
1300 19th Street, NW, Suite 620
Washington, DC 20036
(202) 587-4478
peter@choharislaw.com
*Counsel for Amicus Curiae*

August 22, 2024

BRIAN FIREBAUGH, *et al.*,

*Petitioners,*

v.

MERRICK B. GARLAND, in his official capacity as
Attorney General of the United States,

*Respondent.*

BASED POLITICS INC.,

*Petitioner,*

v.

MERRICK B. GARLAND, in his official capacity as
Attorney General of the United States,

*Respondent.*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

A. *Parties and Amici*.  Except for the Amicus Curiae filing this Motion, all parties, intervenors, and amici appearing before this Court of which Amicus is aware are listed in the Briefs for Petitioners and Respondent.

B. *Rulings Under Review*.  An accurate reference to the law at issue appears in the Briefs for Petitioners and Respondent.

C. *Related Cases*.  Counsel for Amicus Curiae are not aware of any other case currently pending before this or any other court that is related to this case within the meaning of this Court's Rule 28(a)(1)(C).

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and this Court's Rule 26.1, Amicus the Foundation for Defense of Democracies states that it has no parent corporations and that no publicly held entity owns ten percent (10%) or more of it.

## MOTION FOR A WAIVER OF THIS COURT'S RULE 28(a)(2) OR FOR ALTERNATIVE RELIEF

This is a motion for the *nunc pro tunc* waiver of the Court's Rule 28(a)(2), which prohibits using the shorthand "*passim*" in tables of authorities.

Amicus Curiae the Foundation for Defense of Democracies (FDD) timely filed its brief electronically on August 2, 2024 (and soon after a version correcting citation forms and the like).  FDD then timely filed hard copies.  On August 20, the brief was

"modified" in status from "filed" to "lodged."  On August 22, the Clerk's Office notified counsel that FDD should seek relief from the modification by motion.

The modification of the amicus brief's status from "filed" to "lodged" was done, as counsel understands, because the brief's table of authorities contains the word "*passim*."  (The amicus brief contains the word *passim*, not, as it were, *passim*, but rather once.)  This Court's Rule 28(a)(2) provides that in a table of authorities, "*passim* or similar terms may not be used."

The one appearance of "*passim*" was inadvertent, and we regret it.  But printing new hard copies of the amicus brief, which would not have the single instance of *passim* in the table of authorities, would entail costs and efforts disproportionate, in counsel's view, to any harm done by the inadvertent inclusion of that one word.  FDD thus asks that the Court waive for this filing the application of Rule 28(a)(2) and excuse FDD from having to file new hard copies of the amicus brief with the word *passim* excised.  The Court should then direct that the status of the August 2 amicus brief be restored, from "lodged" back to "filed."

In the alternative, should the Court decide that it does want new copies, FDD asks that it be given until August 29, 2024, to file them.  Right now, lead counsel for FDD is on a long-scheduled trip out of the country.  Undersigned counsel is in the country but out of state, in New York.  Printing, binding, and filing new hard copies by tomorrow is not reasonably practicable.  In any event, the Court already has hard copies that were previously filed, and are still lodged; the lodged copies and the new

3

ones will be identical in substance with only the one change in the table of authorities; and allowing counsel a couple of extra business days to print, bind, and file the new hard copies will relieve counsel and its client FDD of a significant burden at no cost to the Court or its staff, or to the parties to these petitions.

## CONCLUSION

For the reasons set forth above, Amicus the Foundation for Defense of Democracies respectfully requests that its Motion be granted and that it be excused, *nunc pro tunc*, from the application of the Court's Rule 28(a)(2).

Respectfully submitted,

*/s/ Arnon D. Siegel*

Peter C. Choharis
Arnon D. Siegel
THE CHOHARIS LAW GROUP, PLLC
1300 19th Street, NW, Suite 620
Washington, DC 20036
(202) 587-4478
peter@choharislaw.com

*Counsel for Amicus Curiae*
*Foundation for Defense of Democracies*

**CERTIFICATE OF COMPLIANCE**

This Motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) and contains 462 words. The Motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6), because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

*/s/ Arnon D. Siegel*
Arnon D. Siegel

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2024, I caused true and correct copies of the foregoing Motion of *Amicus Curiae* Foundation for Defense of Democracies to be served via electronic mail upon all counsel of record, via the Court's ECF system.

                                        */s/ Arnon D. Siegel*
                                        Arnon D. Siegel