# MAYER | BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

T: +1 202 263 3000
F: +1 202 263 3300

mayerbrown.com

**Andrew J. Pincus**
Partner
T: +1 202 263 3220
F: +1 202 263 5220
apincus@mayerbrown.com

September 20, 2024

**VIA CM/ECF**

Hon. Mark J. Langer
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

Re:   *TikTok Inc., et al. v. Merrick B. Garland,* No. 24-1113 (consolidated with Nos. 24-1130 & 24-1183)

Dear Mr. Langer:

Pursuant to Rule 28(j), we address *Palestine Information Office v. Shultz*, 853 F.2d 932 (D.C. Cir. 1988), raised at oral argument.

Applying *O'Brien*, *PIO* upheld closure of a PLO mission under a generally-applicable law, which "prohibit[ed] [it] only from speaking *in the capacity of a foreign mission of the PLO*." *Id*. at 939. Here, the Act does not restrict TikTok Inc. only from speaking in the capacity of a foreign mission or even on a foreign government's behalf. Instead, TikTok Inc. is concededly a distinct U.S. speaker, and the Act directly burdens its own speech (including its editorial-curation decisions regarding U.S. users' speech) as well as users' speech—based on concerns that a foreign government can manipulate that content in the future. *PIO* therefore is inapplicable.

Moreover, in applying *O'Brien* in that different context, *PIO* emphasized the need to be "mindful of the important free speech" implications. *Id*. at 934. As Judge Silberman's concurrence underscored, "designating the [U.S.] speaker a 'foreign mission'" requires "searching and precise" judicial review. *Id*. at 947.

Even if *O'Brien/PIO* applied, the Act fails.

*First*, the statute in *PIO* was "unrelated to the suppression of speech." *Id*. at 940. Here the law (i) expressly targets a specific speaker and speech platform; and (ii) rests on concerns about "influenc[ing] the views of Americans." Gov't Br.36.

*Second*, the *PIO* "order infringe[d] not at all on the speech rights of any party." 853 F.2d at 939; *id*. at 945 ("no speech is limited"). Here, the Act bans and at minimum burdens TikTok Inc.'s speech and that of 170 million users, and cuts them off from TikTok's global user base.

*Third*, in *PIO*, "less intrusive alternatives [were] neither stated nor obvious"; closure was "no more restrictive than essential." *Id*. at 940. Here (among other things), the Act's generally applicable

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Mark J. Langer
September 20, 2024
Page 2

standard and process is an obvious less restrictive alternative. The government's concern about "covert" manipulation, if adequately justified, could also be addressed with a general, appropriately visible, platform-level disclosure of the risk that China could be manipulating the platform's overall mix of content—which would, by definition, make any manipulation non-"covert."

Respectfully submitted,

Andrew J. Pincus

Counsel for Petitioners TikTok Inc. and ByteDance Ltd.