# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TIKTOK INC., and BYTEDANCE LTD., *Petitioners*, v. MERRICK B. GARLAND, in his official capacity as Attorney General of the United States, *Respondent*. | No. 24-1113 |
| BRIAN FIREBAUGH, CHLOE JOY SEXTON, TALIA CADET, TIMOTHY MARTIN, KIERA SPANN, PAUL TRAN, CHRISTOPHER TOWNSEND, and STEVEN KING, *Petitioners*, v. MERRICK B. GARLAND, in his capacity as United States Attorney General, *Respondent*. | No. 24-1130 |

# JOINT MOTION FOR THE COURT TO ADOPT PROCEDURES GOVERNING THESE ORIGINAL ACTIONS, GRANT EXPEDITED CONSIDERATION, AND SET BRIEFING AND ORAL ARGUMENT SCHEDULE AND TO EXPEDITE CONSIDERATION OF THIS MOTION

This motion is filed jointly by the petitioners in *TikTok Inc. v Garland*, No. 24-1113 ("TikTok Petitioners"), the petitioners in *Firebaugh v. Garland*, No. 24-1130 ("Creator Petitioners") (collectively, "Petitioners"), and Respondent Merrick B. Garland. The parties respectfully ask the Court to adopt procedures to govern these original actions, grant expedited consideration, and set a briefing and argument schedule. In light of the considerations described below warranting expedited consideration of these actions, the parties also respectfully request that the Court expedite consideration of the present motion and resolve it by May 31, 2024.

## BACKGROUND

On April 24, 2024, the President signed into law the Protecting Americans from Foreign Adversary Controlled Applications Act (H.R. 815, div. H, 118th Cong., Pub. L. No. 118-50 (April 24, 2024)) (the "Act"). The Act confers on this Court "exclusive jurisdiction over any challenge to this Act or any action, finding, or determination under this Act," and

provides that "[a] petition for review challenging this Act or any action, finding, or determination under this Act may be filed only in" this Court. *See* Sec. 3(a)–(b). Petitions for review challenging the constitutionality of the Act pursuant to Section 3 were filed on May 7, 2024 by TikTok Petitioners and on May 14, 2024 by Creator Petitioners. On May 15, 2024, the Court issued an order on its own motion consolidating the two actions.

Beginning 270 days after enactment, *i.e.*, on January 19, 2025, the Act makes it unlawful for any entity to distribute, maintain, or update the TikTok platform, unless a "qualified divestiture" as defined in the Act has been executed. Petitioners claim that the Act effects a ban on TikTok and violates the First Amendment. TikTok Petitioners also claim that the Act violates the Bill of Attainder Clause, the equal protection component of the Fifth Amendment's Due Process Clause, and the Fifth Amendment's Takings Clause.

## ARGUMENT

### A. Procedures Governing These Actions

The Federal Rules of Civil Procedure by their terms do not govern these original actions because these cases are not "proceedings in the

2

United States district courts." Fed. R. Civ. P. 1. Nor do the Federal Rules of Appellate Procedure provide clear guidance on the procedures applicable to these actions, because these cases are not appeals from a judgment or order of a district court, *see* Fed. R. App. P. tit. II; petitions for review of an order of an administrative agency, board, commission, or officer, *see id.* tit. IV; or any other type of proceeding expressly contemplated by the rules. The parties therefore respectfully request that this Court enter an order establishing the procedures that will govern these original actions.

In a previous case in which Congress vested this Court with original jurisdiction over a constitutional challenge to an act of Congress, this Court entered a procedural order providing as follows: "The court will not entertain dispositive motions. The parties should therefore address in their briefs any arguments otherwise properly raised in such motions." Order at 2, *Coal. for Fair Lumber Imports v. United States*, No. 05-1366 (D.C. Cir. Nov. 29, 2005). The Court further adopted a briefing schedule commencing with a merits brief by the petitioners and directed that "[t]he form and contents of the briefs will be governed by Federal Rules of

3

Appellate Procedure 28 and 32, and the corresponding Circuit Rules." *Id.* at 1–2.

In the parties' view, a similar procedure is appropriate here. The parties accordingly propose that they brief this action on the merits consistent with Federal Rules of Appellate Procedure 28 and 32 and the corresponding Circuit rules, with the parties to include in their briefs any requests for relief.

Because there is no district court or agency record, Rule 30 and the corresponding Circuit rule governing a joint appendix are not applicable. The parties intend to append evidentiary material to their briefs. In addition, the government informs the Court that it is evaluating the need to file an *ex parte* evidentiary submission (containing, for example, classified material to support the national security justifications underlying the challenged statute) with its response brief and the need to rely on such information in a classified, *ex parte* version of the government's brief. The government will file the public version and any classified version of its brief by the deadline set by the Court. Petitioners state in response that they reserve their right to object to, or otherwise

seek relief with respect to, any such classified, *ex parte* submission if it is made.

The parties do not at this stage anticipate a need for discovery in these actions, but they reserve their right to seek discovery if warranted at a later date.

## B. Expedited Consideration of These Actions

The parties respectfully request that the Court expedite briefing, argument, and decision in this case. The Circuit Handbook directs parties moving for expedited consideration to "demonstrate that the delay will cause irreparable injury and that the decision under review is subject to substantial challenge." D.C. Cir. *Handbook of Practice and Internal Procedures* VIII.B. It also notes that expedited consideration may be warranted if "the public generally, or . . . persons not before the Court, have an unusual interest in prompt disposition." *Id.* These cases satisfy all three criteria.

*First*, Petitioners argue that prompt consideration of these cases is needed to avoid irreparable harm. The Act's prohibition on hosting or distributing TikTok and other ByteDance applications within the United States, unless there is a "qualified divestiture," begins to apply on

January 19, 2025, 270 days after enactment. *See* Sec. 2(a)(2)(A). As outlined in their Petition for Review, TikTok Petitioners argue that a "qualified divestiture" of TikTok as defined in the statute is not commercially, technologically, or legally feasible.* TikTok Petitioners further argue that they face irreparable harm from a ban of the TikTok platform in the United States. *See Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (recognizing irreparable harm "where the loss threatens the very existence of the movant's business"). And the Creator Petitioners likewise contend they will suffer irreparable harm because the Act violates their First Amendment right to create, share, and receive content through their chosen platform, TikTok. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of First Amendment freedoms "unquestionably constitutes irreparable injury").

*Second*, Petitioners maintain that the Act is subject to substantial challenge for the reasons set forth in their petitions.

---

* TikTok Petitioners maintain that the possibility of a 90-day extension under the Act will not be available to them because it would require the President to determine that "significant progress" has been made toward a "qualified divestiture" which is not feasible. Sec. 2(a)(3).

*Third*, in light of the large number of users of the TikTok platform, the public at large has a significant interest in the prompt disposition of this matter.

At this time, Petitioners believe that if the Court grants expedited consideration and adopts a schedule similar to the one proposed below, these actions can be resolved on the merits without the need for a request for emergency preliminary injunctive relief. Petitioners reserve the right to move for such relief if doing so becomes necessary to avoid irreparable harm prior to this Court's decision on the merits.

### C. Proposed Briefing Format

TikTok Petitioners and Creator Petitioners propose to file separate briefs. Petitioners' position is that this Court's practice favoring joint briefs, where feasible, "in consolidated or joint *appeals*," should not be applied to these original actions, which will be Petitioners' first opportunity in any forum to present significant constitutional arguments with profound consequences for each of them. D.C. Cir. Handbook of Practice and Internal Procedures IX.A.2 (emphasis added). Petitioners' position is that separate briefs are also necessary and appropriate given

the differing injuries and legal arguments asserted by TikTok Petitioners and Creator Petitioners.

The government takes no position on Petitioners' request to file separate sets of full-length briefs. The government intends to file a single consolidated response brief even if petitioners file separate briefs. For that single brief, the government requests the greater of 13,000 words or 75% of the combined word limits for petitioners' opening briefs.

### D. Proposed Schedule

To ensure that there is adequate time before the Act's prohibitions take effect to request emergency relief from the Supreme Court if necessary, the parties respectfully ask this Court to issue its decision on the merits of these actions by December 6, 2024. To enable the Court to issue a decision by that date or sooner, the parties respectfully propose the following briefing schedule:

- Opening brief for TikTok Petitioners – June 20, 2024
- Opening brief for Creator Petitioners – June 20, 2024
- Amicus curiae briefs in support of Petitioners or in support of neither party – June 27, 2024
- Consolidated answering brief for Respondent – July 26, 2024
- Amicus curiae briefs in support of Respondent – August 2, 2024

8

- Reply brief for TikTok Petitioners – August 15, 2024
- Reply brief for Creator Petitioners – August 15, 2024

The parties further respectfully request that oral argument be calendared for a date as early as practicable in the Court's September 2024 sitting.

DATED: May 17, 2024

Andrew J. Pincus
Avi M. Kupfer
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: 202-263-3220
Email: apincus@mayerbrown.com
       akupfer@mayerbrown.com

Respectfully submitted,

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut
David M. Zionts
Megan A. Crowley
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Email: aberengaut@cov.com
       dzionts@cov.com
       mcrowley@cov.com

John E. Hall
Anders Linderot
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
Email: jhall@cov.com
       alinderot@cov.com

*Attorneys for TikTok Petitioners*

Jeffrey L. Fisher
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 473-2633
Email: jlfisher@omm.com

*/s/ Ambika Kumar*
Ambika Kumar
Tim Cunningham
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030
Email: ambikakumar@dwt.com
 timcunningham@dwt.com

Elizabeth A. McNamara
Chelsea T. Kelly
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230
Email: lizmcnamara@dwt.com
 chelseakelly@dwt.com

James R. Sigel
Adam S. Sieff
DAVIS WRIGHT TREMAINE LLP
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 276-6500
Email: jamessigel@dwt.com
 adamsieff@dwt.com

*Attorneys for Creator Petitioners*

Brian M. Boynton
  *Principal Deputy Assistant Attorney General*

Sharon Swingle
Daniel Tenny
Casen B. Ross

*/s/ Sean R. Janda*
Sean R. Janda
Brian J. Springer
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, D.C. 20530*
  *(202) 514-3388*

*Attorneys for Respondent Merrick Garland*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,540 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook font.

DATED: May 17, 2024                  Respectfully submitted,

                                           */s/ Alexander A. Berengaut*
                                           Alexander A. Berengaut

                                             *Attorney for TikTok Petitioners*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on May 17, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: May 17, 2024            Respectfully submitted,

<u>*/s/ Alexander A. Berengaut*</u>
Alexander A. Berengaut

*Attorney for TikTok Petitioners*