# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 24-1113**                                              **September Term, 2023**

**DOJ-Pub. L. No. 118-50**

**Filed On:** May 28, 2024

TikTok Inc. and ByteDance Ltd.,

        Petitioners

        v.

Merrick B. Garland, in his official capacity as
Attorney General of the United States,

        Respondent

------------------------------

Consolidated with 24-1130

        **BEFORE:**    Wilkins, Childs, and Pan, Circuit Judges

### O R D E R

Upon consideration of the joint motion to govern, it is

**ORDERED** that the following briefing format and schedule will apply to these cases:

| | |
|---|---|
| Brief of TikTok Petitioners<br>(not to exceed 13,000 words) | June 20, 2024 |
| Brief of Creator Petitioners<br>(not to exceed 13,000 words) | June 20, 2024 |
| Briefs of Amici Supporting Petitioners<br>or Supporting Neither Party, if any<br>(not to exceed 6,500 words) | June 27, 2024 |
| Brief of Respondent<br>(not to exceed 19,500 words) | July 26, 2024 |
| Briefs of Amici Supporting Respondent, if any<br>(not to exceed 6,500 words) | August 2, 2024 |

# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 24-1113**                                                         **September Term, 2023**

Reply Brief of TikTok Petitioners                                          August 15, 2024
(not to exceed 6,500 words)

Reply Brief of Creator Petitioners                                         August 15, 2024
(not to exceed 6,500 words)

The Clerk is directed to calendar this case for oral argument in September 2024.

The court will not entertain dispositive motions. The parties should therefore address in their briefs any arguments otherwise properly raised in such motions. The form and contents of the briefs will be governed by Federal Rules of Appellate Procedure 28 and 32, and the corresponding Circuit Rules. Any addendum to a party's brief that exceeds 40 pages must be bound separately from the brief. See D.C. Cir. Rule 28(a)(5).

Petitioners should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief. To avoid any duplication, petitioners are obliged to consult during the preparation of their briefs and to adopt relevant portions of each other's briefs. Briefs which are repetitious wholly or in part will be stricken.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
       Selena R. Gancasz
       Deputy Clerk