# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| TIKTOK INC., <br><br> and <br><br> BYTEDANCE LTD., <br><br> *Petitioners*, <br><br> v. <br><br> MERRICK B. GARLAND, in his official capacity as Attorney General of the United States, <br><br> *Respondent*. | No. 24-1113 |
| BRIAN FIREBAUGH, CHLOE JOY SEXTON, TALIA CADET, TIMOTHY MARTIN, KIERA SPANN, PAUL TRAN, CHRISTOPHER TOWNSEND, and STEVEN KING, <br><br> *Petitioners*, <br><br> v. <br><br> MERRICK B. GARLAND, in his capacity as United States Attorney General, <br><br> *Respondent*. | No. 24-1130 |

## JOINT MOTION FOR THE COURT TO ENTER STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY AND TO EXPEDITE CONSIDERATION OF THIS MOTION

This motion is filed jointly by the petitioners in *TikTok Inc. v. Garland*, No. 24-1113 ("TikTok Petitioners"), the petitioners in *Firebaugh v. Garland*, No. 24-1130 ("Creator Petitioners") (collectively, "Petitioners"), and Respondent Merrick B. Garland.  The parties respectfully request that the Court adopt the attached Stipulated Protective Order Governing Confidentiality for the protection of Confidential Information that may be submitted in the case.  In order for the proposed Protective Order to be in place sufficiently in advance of the Petitioner's opening brief deadline of June 20 for Petitioners to appropriately comply with its terms, the parties also respectfully request that the Court expedite consideration of the present motion and resolve it by June 14, 2024.

The purpose of the proposed Protective Order is to protect business-confidential and other sensitive information, including materials exempt from disclosure under the Freedom of Information Act ("FOIA"), that the parties may wish to submit in this case.  This Court has previously entered similar protective orders in cases involving confidential

1

information.  *See, e.g.*, Protective Order Governing Confidentiality, *CHS Inc. v. EPA*, No. 22-1185 (Feb. 22, 2023); Protective Order Governing Confidentiality, *Kern Oil & Refining Co. v. EPA*, No. 19-1216 (Aug. 7, 2020).  The parties expect that they may submit material that includes confidential business information and other sensitive information, the disclosure of which would be detrimental to the parties or to non-parties.

The proposed Protective Order would be limited in scope to materials eligible for confidential treatment under applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (court may protect a "trade secret or other confidential research, development, or commercial information" from public disclosure); *United States v. Hubbard*, 650 F.2d 293, 323-24 (D.C. Cir. 1980) (personal privacy interests of parties and third-parties are a basis to maintain documents under seal).

The attached proposed Protective Order requires the parties to submit documents containing, referencing, or otherwise disclosing such information designated as Confidential Information to the Court under seal in accordance with D.C. Circuit Rule 47.1.  *See* Ex. 1 ¶ 3(b).  The proposed Protective Order further requires the parties to submit two sets of briefs, with all portions that include Confidential Information provided

only in the set that is submitted under seal in accordance with D.C. Circuit Rule 47.1 and a separate version of the brief filed publicly with the Confidential Information redacted. *See* Ex. 1 ¶ 3(a). Additionally, the proposed Protective Order provides a mechanism by which a party can challenge another party's or a non-party's designation of a document or other information as Confidential Information by notifying counsel for the designating party within 14 days and filing the appropriate motion with the Court. *See* Ex. 1 ¶ 8.

DATED: June 6, 2024                              Respectfully submitted,

                                                 */s/ Alexander A. Berengaut*

Andrew J. Pincus                                 Alexander A. Berengaut
Avi M. Kupfer                                    David M. Zionts
MAYER BROWN LLP                                  Megan A. Crowley
1999 K Street, NW                                COVINGTON & BURLING LLP
Washington, DC 20006                             One CityCenter
Telephone: 202-263-3220                          850 Tenth Street, NW
Email: apincus@mayerbrown.com                    Washington, DC 20001
       akupfer@mayerbrown.com                    Telephone: (202) 662-6000
                                                 Email: aberengaut@cov.com
                                                        dzionts@cov.com
                                                        mcrowley@cov.com

                                                 John E. Hall
                                                 Anders Linderot
                                                 COVINGTON & BURLING LLP
                                                 The New York Times Building
                                                 620 Eighth Avenue
                                                 New York, New York 10018
                                                 Telephone: (212) 841-1000
                                                 Email: jhall@cov.com
                                                        alinderot@cov.com

                                                 *Attorneys for TikTok Petitioners*

4

<div style="display: flex;">

Jeffrey L. Fisher
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 473-2633
Email: jlfisher@omm.com

*/s/ Ambika Kumar*
Ambika Kumar
Tim Cunningham
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030
Email: ambikakumar@dwt.com
      timcunningham@dwt.com

Elizabeth A. McNamara
Chelsea T. Kelly
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230
Email: lizmcnamara@dwt.com
      chelseakelly@dwt.com

James R. Sigel
Adam S. Sieff
DAVIS WRIGHT TREMAINE LLP
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 276-6500
Email: jamessigel@dwt.com
      adamsieff@dwt.com

*Attorneys for Creator Petitioners*

</div>

5

Brian M. Boynton
  *Principal Deputy Assistant*
*Attorney General*

*s/ Sharon Swingle*
Sharon Swingle
Daniel Tenny
Casen B. Ross
Sean R. Janda
Brian J. Springer
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, D.C. 20530*
  *(202) 514-3388*

*Attorneys for Respondent Merrick Garland*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 460 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook font.

DATED: June 6, 2024                                  Respectfully submitted,

*/s/ Alexander A. Berengaut*
Alexander A. Berengaut

*Attorney for TikTok Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on June 6, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: June 6, 2024                              Respectfully submitted,

                                                 <u>*/s/ Alexander A. Berengaut*</u>
                                                 Alexander A. Berengaut

                                                 *Attorney for TikTok Petitioners*

# EXHIBIT 1

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TIKTOK INC., and BYTEDANCE LTD., *Petitioners*, v. MERRICK B. GARLAND, in his official capacity as Attorney General of the United States, *Respondent.* | No. 24-1113 |
| BRIAN FIREBAUGH, CHLOE JOY SEXTON, TALIA CADET, TIMOTHY MARTIN, KIERA SPANN, PAUL TRAN, CHRISTOPHER TOWNSEND, and STEVEN KING, *Petitioners*, v. MERRICK B. GARLAND, in his capacity as United States Attorney General, *Respondent.* | No. 24-1130 |

## [PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

This Protective Order shall govern the parties' production, use, and submission of Confidential Information or material claimed as Confidential Information in the course of cases No. 24-1113, 24-1130, and any consolidated cases, and shall preclude use of such Confidential Information for purposes other than cases No. 24-1113, 24-1130, and any consolidated cases except as described herein.

1.  No document containing, referring to, or otherwise disclosing Confidential Information shall be publicly filed with the Court. Confidential Information shall be submitted to the Court only under seal in accordance with D.C. Circuit Rule 47.1 and Paragraph 3(a) of this Order.

2.  Confidential Information shall mean any (i) trade secrets or other confidential research, development, or commercial information; and (ii) private personal information of employees and other individuals. Information that is or becomes available to a party through means other than as a result of a violation of this Order or a violation of other confidentiality requirements shall not constitute Confidential Information.

1

3. For purposes of this matter, Confidential Information shall be designated, marked, and managed as follows:

    a) Briefs, pleadings, and other material filed with the Court that contain or disclose Confidential Information shall be filed in accordance with D.C. Circuit Rule 47.1, with two sets of briefs filed and all portions that include Confidential Information filed only under seal.

    b) A party or non-party may designate as Confidential Information any portion of a document, material, or other information (electronic or otherwise) in the course of this action. Those portions of documents or other material containing Confidential Information shall be marked "SUBJECT TO PROTECTIVE ORDER IN CASES NO. 24-1113 & 24-1130" and may also include the case numbers for other cases in which the material is subject to a protective order. If only a portion or portions of the material on a page qualifies for protection under this Order, the party or non-party claiming Confidential Information must identify the protected

        portion or portions. The party or non-party asserting a claim of Confidential Information shall also make available a version of the document that redacts those portions for which it has asserted a claim of Confidential Information. This protective order does not govern any *ex parte* submission by the government of classified or otherwise protected national-security information.

  c)  A party who intends to present argument or other material containing Confidential Information shall so advise the parties and the Court so that any appropriate steps may be taken before such presentation is made and shall arrange for the pages of any transcript containing such information to be marked "SUBJECT TO PROTECTIVE ORDER IN CASES NO. 24-1113 & 24-1130" and may also include the case numbers for others in which the material is subject to a protective order.

  4.  Confidential Information shall be received by and held in strict confidence by the parties and shall be used only for the purposes

of this action, and shall not be used (except by the party or non-party who designated such information as Confidential Information) for any purpose outside of this action except as provided herein. Except as provided in Paragraph 7 of this Order, Confidential Information may be disclosed only to: (i) the Court and court personnel, including any court reporters, provided that any pleading or other document filed with the Court that contains or discloses material designated as Confidential Information is filed under seal according to Paragraph 3(b) of this Order, (ii) Petitioners and counsel for Petitioners, including in-house counsel for Petitioners and their respective employees assisting in this action and outside counsel retained by Petitioners to represent them in this action, including employees, contractors, and clerical, secretarial, and paralegal support staff, (iii) employees, contractors, or unpaid interns of the United States involved in this action, and (iv) after signature by each such person of the Certification (Attachment A hereto) that he or she has received a copy of this Order and agrees to be bound thereby, testifying or consulting experts, and their support staff, in connection with this action. Each of the persons described in (i)-(iv) of this Section 4 shall be a "Qualified Person."

4

5. No Qualified Person may disseminate any Confidential Information except as expressly authorized in this Order or as required by law, including a court order. If Confidential Information is disclosed other than as authorized by this Order, the party responsible for the unauthorized disclosure shall promptly take remedial action, including by notifying the designating party or non-party of the disclosure and making all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosure.

6. Counsel of record for each party shall be responsible for obtaining all Certifications required by this Order in advance of any disclosure that may be permitted by this Order, and maintaining in safekeeping all original Certifications.

7. Nothing in this Order shall limit the use by a party of its own Confidential Information, nor prevent a party or non-party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any designation made pursuant to the terms of this Order. Nothing in this Order shall limit the government's use of Confidential Information for other governmental purposes, including any administrative, regulatory, or criminal investigation or enforcement

proceedings; disclosure to Congress or to any duly authorized committee or subcommittee of Congress; national-security analysis or actions, including disclosure to any foreign governmental entity of a United States ally or partner to the extent necessary for national security purposes, and subject to appropriate confidentiality and classification requirements; and foreign-policy analysis and implementation.

  8. Any party may challenge the designation of Confidential Information by serving written notice of such challenge on counsel for the designating party or non-party within 14 days of receiving documentation or material. The party opposing the Confidential Information designation may then file an appropriate motion or other submission with the Court. Challenged material that is the subject of a proper motion shall be considered Confidential Information until the motion is considered and ruled upon.

  9. Confidentiality under this Order is to be maintained both during and after the final disposition of this action.

  10. The production, use, and submission, pursuant to the terms of this Order, of Confidential Information shall not be construed as a waiver by any person or entity of any claim of Confidential Information.

**It is so ordered.**

_____

## ATTACHMENT A

## Certification

I, _____, hereby certify under penalty of perjury that I have received a copy of and read the Protective Order Governing Confidentiality relating to the confidentiality of information in *TikTok Inc., et al. v. Garland,* Case No. 24-1113 (D.C. Cir.), and *Firebaugh v. Garland*, Case No. 24-1130 (D.C. Cir.), and I agree to, and will, keep information confidential in accordance with the terms of said Protective Order Governing Confidentiality.

_____
Signature                                        Date

_____
Affiliation or Employer