ORAL ARGUMENT SCHEDULED FOR SEPTEMBER 16, 2024

Case No. 24-1113 (and consolidated cases)

**UNITED STATES COURT OF APPEALS**

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

TIKTOK INC. AND BYTEDANCE LTD.,

*Petitioners,*

v.

MERRICK B. GARLAND, in his official capacity as Attorney General of the United States,

*Respondent.*

*(caption continued)*

On Petitions for Review of Constitutionality of the Protecting Americans from Foreign Adversary Controlled Applications Act

**NOTICE OF INTENT OF ELECTRONIC FRONTIER FOUNDATION, FREEDOM OF THE PRESS FOUNDATION, TECHFREEDOM, MEDIA LAW RESOURCE CENTER, CENTER FOR DEMOCRACY AND TECHNOLOGY, FIRST AMENDMENT COALITION AND FREEDOM TO READ FOUNDATION TO FILE AN AMICUS BRIEF IN SUPPORT OF PETITIONERS**

David Greene
Brendan Gilligan
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109-7701
Tel: (415) 436-9333
Fax: (415) 436-9993
davidg@eff.org

June 25, 2024                    *Attorneys for Amici Curiae*

BRIAN FIREBAUGH, CHLOE JOY SEXTON, TALIA CADET, TIMOTHY MARTIN, KIERA SPANN, PAUL TRAN, CHRISTOPHER TOWNSEND, and STEVEN KING,

*Petitioners,*

v.

MERRICK B. GARLAND, in his capacity as United States Attorney General,

*Respondent.*

BASED Politics, Inc.

*Petitioner,*

v.

MERRICK B. GARLAND, in his official capacity as Attorney General of the United States,

*Respondent.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 26.1 and Federal Rule of Appellate Procedure 26.1, *amici* submit the following corporate disclosure statement:

*Amici* are donor-funded, nonprofit civil liberties organizations. They have no parent corporations and do not issue stock.

June 25, 2024                                    */s/ David Greene*
                                                 David Greene

                                                 *Attorney for Amici Curiae*

1

## NOTICE OF INTENT TO FILE AMICUS BRIEF

Pursuant to Fed. R. App. P. 29(a), D.C. Circuit Rule 29(b), amici represent that they intend to participate in this case as *amici curiae*. Petitioners and Respondent have consented to the filing of this *amicus curiae* brief.

*Amici curiae* are nonprofit organizations that share a common commitment to promoting and protecting freedom of speech and of the press to a wide array of constituents, and who see the government's act against TikTok as a direct and serious threat to such freedoms. They each frequently file amicus briefs in this Court and courts around the country in cases, like this one, that address significant First Amendment issues.

Electronic Frontier Foundation (EFF) is a member-supported, non-profit civil liberties organization that has worked for over 30 years to protect free speech, privacy, and innovation in the digital world. EFF, with over 30,000 active donors, represents the interests of technology users in court cases and broader policy debates surrounding the application of law to the Internet and other technologies.

Freedom of the Press Foundation ("FPF") is a nonprofit organization that protects, defends, and empowers public-interest journalism. The organization works to preserve and strengthen First and Fourth Amendment rights guaranteed to the press through a variety of avenues, including the development of

encryption tools, documentation of attacks on the press, training newsrooms on digital security practices, and advocating for the public's right to know. FPF is interested in this case because opposing prior restraints and protecting journalists' right to gather and publish news on the platforms of their choice is central to FPF's mission.

TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C. It is dedicated to promoting technological progress that improves the human condition. It seeks to advance public policy that makes experimentation, entrepreneurship, and investment possible. TechFreedom opposes government attempts to control online speech. See, *e.g.*, Corbin K. Barthold, *In Internet Speech Cases, SCOTUS Should Stick Up for Reno v. ACLU*, Techdirt, https://tinyurl.com/mprkf2vy (Mar. 28, 2023). It appears often as *amicus curiae* in cases where the government attempts to dictate what views are acceptable online. See, *e.g.*, *NetChoice v. Moody*, 34 F.4th 1196, 1219 n.17 (11th Cir. 2022) (quoting TechFreedom's amicus brief).

Media Law Resource Center, Inc., ("MLRC") is a 501(c)(6) non-profit membership organization for organizations and attorneys who advocate for media and First Amendment rights, including those working in law firm and in-house practice as well as those in academia, at non-profit organizations, and in other settings. MLRC was founded in 1980 by leading American publishers and

3

broadcasters to assist in defending and protecting free press rights under the First Amendment. Today, MLRC is supported by leading publishers, broadcasters, and cable programmers, technology companies, media and professional trade associations, and media insurance professionals in America and around the world. The views expressed in this brief are those of MLRC and do not necessarily reflect the views of any of its individual or organizational members.

The Center for Democracy & Technology (CDT) is a non-profit public interest organization. For over twenty-five years, CDT has represented the public's interest in an open, decentralized Internet and worked to ensure that the constitutional and democratic values of free expression and privacy are protected in the digital age. CDT regularly advocates before legislatures, regulatory agencies, and courts in support of First Amendment rights on the Internet, including limits on governmental authority to compel or silence speech, and in support of privacy protections for online users.

The First Amendment Coalition is a nonprofit public interest organization dedicated to defending freedom of speech, freedom of the press, and the people's right to know. Since 1988, FAC has provided free legal consultations and educational programs and engaged in legislative advocacy and litigation on First Amendment and open government issues.

4

The Freedom to Read Foundation ("FTRF") was established to foster libraries as institutions that fulfill the promise of the First Amendment; support the rights of libraries to include in their collections, and make available to the public, any work they may legally acquire; establish legal precedent for the freedom to read of all citizens; protect the public against efforts to suppress or censor speech; and support the right of libraries to collect, and individuals to access, information that reflects the diverse voices of a community so that every individual can see themselves reflected in the library's materials and resources.

*Amici* respectfully submit that this notice is timely filed under D.C. Circuit Rule 29(b). *Amici* intend to file their brief no later than June 27, 2024 in accordance with D.C. Circuit Rule 29(c).

In addition, pursuant to D.C. Circuit Rule 29(d), *amici* have worked to consolidate their arguments into a single brief. *Amici* have also coordinated with other *amici* to ensure that there is no overlap in the issues raised, to the greatest extent possible.

Respectfully submitted,

By: */s/ David Greene*
David Greene
Brendan Gilligan
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109-7701
Tel: (415) 436-9333
Fax: (415) 436-9993

5

Email: davidg@eff.org

*Attorneys for Amici Curiae*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ David Greene*
David Greene
