ORAL ARGUMENT SCHEDULED FOR SEPTEMBER 16, 2024

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TIKTOK INC., *et al.*,<br>　　　Petitioners,<br><br>　　　　　v.<br><br>MERRICK B. GARLAND, in his official capacity as Attorney General of the United States,<br>　　　Respondent. | Nos. 24-1113, 24-1130,<br>24-1183 |

**MOTION TO FILE PORTIONS OF THE RESPONSE BRIEF AND THREE DECLARATIONS UNDER SEAL AND *EX PARTE***

　　　The government respectfully requests leave to file under seal and *ex parte* certain classified record materials, and to file under seal and *ex parte* a classified response brief that relies on those record materials for this Court's *in camera* review. The government's factual response to petitioners' claims includes classified information that is protected by law from public disclosure. The government thus moves for leave to file the response brief and three declarations under seal and *ex parte*. Contemporaneous with filing this motion and lodging the classified materials, the government is filing a public version of those materials that redacts all classified information. Petitioners have informed us that they oppose this motion.

# BACKGROUND

**1.** On April 24, 2024, the President signed into law the Protecting Americans from Foreign Adversary Controlled Applications Act, Pub. L. No. 118-50, div. H, 138 Stat. 895 (2024) (Act). As relevant here, the Act permits the social-media application TikTok to continue operating in the United States only if its Chinese parent company ByteDance, Ltd. executes a "qualified divestiture" of its interest in the platform. *Id.* § 2(a), (c)(1). This Court has "exclusive jurisdiction over any" petition for review challenging the Act. *Id.* § 3.

In various congressional proceedings leading up to the Act's passage, members of the Executive Branch—including officials from the Office of the Director for National Intelligence, the Department of Justice's National Security Division, and the Federal Bureau of Investigation—briefed members of Congress on the national-security risks posed by TikTok's operations in the United States under the application's current ownership structure. Those briefings included several classified sessions, and one classified hearing. *See* H.R. Rep. 118-417, at 10-11 (2024) (summarizing various briefings provided by the Executive Branch preceding the legislation's enactment).

**2.** Petitioners—TikTok and ByteDance, along with various U.S. users of the TikTok application—filed petitions for review in this Court, challenging the provisions of the Act that require ByteDance to divest its interest in TikTok as

unconstitutional. Petitioners all claim that the divestment requirement violates the First Amendment; the TikTok petitioners (TikTok and ByteDance) additionally claim that the requirement is an unconstitutional Bill of Attainder and a taking without just compensation in violation of the Fifth Amendment.

The parties filed a joint scheduling motion to govern proceedings in this Court. Joint Motion to Set Briefing and Oral Argument Schedule (May 17, 2024). The parties agreed that, because the petitions invoke the Court's original jurisdiction, this case does not include a "district court or agency record"; so the parties would "append evidentiary material to their briefs." *Id.* at 3-4. The government also informed the Court that it may "file an *ex parte* evidentiary submission" to "support the national security justifications underlying" the Act, and that it would "file the public version and any classified version of its brief by the deadline set by the Court." *Id.* at 4. The Court granted the parties' joint motion, and entered a briefing schedule directing the government file its response brief on July 26, 2024. Order (May 28, 2024).[1]

---

[1] Petitioner BASED Politics filed its petition on June 6, 2024; on the parties' joint motion, this Court consolidated that case with the previously filed petitions, largely preserving the parties' previously agreed-to briefing schedule and format, *see* Order (June 18, 2024).

3

Pursuant to the Court's order, petitioners filed many declarations alongside their opening briefs. *See* TikTok App. 643-834 (four declarations from the TikTok petitioners); Firebaugh Addendum 8-80 (eight declarations from the Firebaugh petitioners); BASED Addendum-007-015 (two declarations from BASED petitioners). To defend the Act and to substantiate the Act's national-security justifications, the government has prepared three declarations from officials in the Office of the Director for National Intelligence, the Department of Justice's National Security Division, and the Federal Bureau of Investigation. Those declarations, and select portions of the response brief citing those declarations, include classified information. But the majority of the brief, and substantial portions of each declaration, are unclassified and are being filed on the public record.

## ARGUMENT

### THE COURT SHOULD GRANT LEAVE TO FILE THE CLASSIFIED RESPONSE BRIEF AND CLASSIFIED DECLARATIONS UNDER SEAL AND *EX PARTE*

Petitioners primarily argue that the Act's requirement that ByteDance divest its ownership interest in TikTok is unconstitutional, and, in particular, that the requirement impermissibly burdens speech in violation of the First Amendment. To defend the Act, the government's response brief accordingly discusses the compelling national-security interests that Congress relied upon—namely, threats posed by the Chinese government's potential control of TikTok—to demonstrate

4

that the Act serves national-security interests and is appropriately tailored to those interests. Those interests are substantiated, in part, by classified information in three declarations from officials in the Office of the Director for National Intelligence, the Department of Justice's National Security Division, and the Federal Bureau of Investigation. As noted, Executive Branch officials relied on classified information when briefing members of Congress in several closed-door sessions leading up to the Act's passage. *See* H.R. Rep. 118-417, at 10-11.

The government seeks leave to file the three classified declarations—as well as a classified brief that relies on information in those declarations—under seal and *ex parte* to avoid public disclosure of classified material. The government is also filing public versions of the declarations and the brief, redacting all classified material.

**1.** The treatment and handling of classified information is governed by federal law. *See, e.g.*, Exec. Order No. 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009). Federal law prohibits the disclosure of classified information except to individuals who have been cleared for access to the information by the head of a federal agency or his designee; who have signed a nondisclosure agreement; and who have "a need-to-know the information." *Id.* § 4.1(a), 75 Fed. Reg. at 720. The information at issue here is classified at the "Secret" and "Top Secret" levels. *See id.* § 1.2(1), 75 Fed. Reg. at 707 (the unauthorized disclosure of "Top Secret"

5

information could reasonably "be expected to cause exceptionally grave damage to the national security"); *id.* § 1.2(2), 75 Fed. Reg. at 707-08 (the unauthorized disclosure of "Secret" information could reasonably "be expected to cause serious damage to the national security").

Accordingly, the classified portions of the declarations and the response brief may not be disclosed to the public or to petitioners, who have not been cleared for access to classified information and who do not have a "a need-to-know the information," under the governing authorities. Exec. Order No. 13,526, § 4.1(a), 75 Fed. Reg. at 720.

**2.** This Court has repeatedly upheld filing materials under seal and *ex parte* to protect classified information.

In doing so, this Court has recognized that it "has inherent authority to review classified material *ex parte*, *in camera* as part of its judicial review function." *Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016) (quoting *Jifry v. FAA*, 370 F.3d 1174, 1181-82 (D.C. Cir. 2004)). Indeed, this Court has upheld agency determinations, even where critical portions of the administrative record had been submitted *ex parte* and the petitioners were "without knowledge of the specific evidence on which [the agency] relied," rejecting petitioners' arguments that they were "unable to defend against" the agency's decision. *Jifry*, 370 F.3d at 1184.

The Court also held that it need not consider alternative procedures, such as disclosure under a protective order. "In light of the governmental interests at stake and the sensitive security information, substitute procedural safeguards may be impracticable, and in any event, are unnecessary under [this Court's] precedent." *Jifry*, 370 F.3d at 1183; *see also Busic v. TSA*, 62 F.4th 547, 551 (D.C. Cir. 2023) (rejecting the petitioners' argument that the government must disclose the full administrative record, which contained sensitive security information); *General Dynamics Corp. v. United States*, 563 U.S. 478, 482 (2011) (discussing potential harms resulting from inadvertent or unauthorized disclosures of state secrets).

Thus, although the use of *ex parte* information is of course the exception rather than the rule, this Court has rejected challenges to the Court's reliance on an *ex parte* record in a number of cases, where the record contained classified or otherwise sensitive information. *Jifry*, 370 F.3d at 1181-82; *see also Zevallos v. Obama*, 793 F.3d 106, 113, 117 (D.C. Cir. 2015); *Ralls Corp. v. Committee on Foreign Investment in the United States*, 758 F.3d 296, 319 (D.C. Cir. 2014); *Holy Land Foundation v. Ashcroft*, 333 F.3d 156, 164 (D.C. Cir. 2003); *National Council of Resistance of Iran v. Department of State*, 251 F.3d 192, 208 (D.C. Cir. 2001). The same principles apply to permit filing a sealed *ex parte* brief that relies upon classified information in the record. *See, e.g.*, *United States v. China Telecom*

*(Americas) Corp.*, 55 F.4th 939 (D.C. Cir. 2022) (permitting the United States to file a classified brief under seal and *ex parte*).

Petitioners have no due process, statutory or regulatory right to access classified information in the record.

**3.** The appropriate officials within the Executive Branch have conducted a review to ensure that the classified and unclassified information in the three declarations and the response brief have been appropriately identified. Each paragraph of the classified versions of the declarations and the brief are marked with the classification level of the information contained in that paragraph, and the government has reasonably segregated all unclassified information to be filed publicly. The majority of the brief, and substantial portions of each declaration, are unclassified and will be filed on the public record.

**4.** To prevent the disclosure of classified information, the government thus respectfully moves for leave to file under seal and *ex parte* for the Court's *in camera* review an unredacted, classified version of the three declarations from Executive Branch officials, as well as an unredacted, classified version of the response brief that relies on the information in those declarations. These filings align with the Court's briefing schedule—proposed and agreed to by the parties—under which the government's response brief is due on July 26, 2024. *See* Order (May 28, 2024).

In addition to moving for leave to file sealed and *ex parte* declarations and response brief, the government is also filing public, redacted versions of those materials today, on the July 26 briefing deadline. And the government is lodging four copies of both the unredacted, classified version of that brief and the declarations with the Court, contemporaneous with this motion.

**5.** If the Court denies this motion, in whole or in part, the government respectfully requests that the Court return any lodged materials to the government. In filing this motion, the government does not waive, and expressly reserves, all applicable rights, privileges, and immunities.

**6.** Petitioners have informed us that they oppose this motion.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the government leave to file its response brief and three declarations in this matter under seal for the Court's *ex parte* and *in camera* review.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

BRIAN D. NETTER
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
DANIEL TENNY
CASEN B. ROSS

 */s/ Sean R. Janda*
SEAN R. JANDA
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3388*
  *sean.r.janda@usdoj.gov*

July 2024

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1806 words, according to the count of Microsoft Word.

                                                       */s/ Sean R. Janda*
                                                      Sean R. Janda

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2024, I electronically filed the foregoing Motion to File Portions of the Response Brief and Three Declarations Under Seal and *Ex Parte* with the Clerk of the Court through the appellate CM/ECF system. Service was accomplished on registered counsel through the CM/ECF system. Paper copies of the brief and the record materials will be lodged today with the Court through the Court Information Security Officer.

        */s/ Sean R. Janda*
        Sean R. Janda