

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530
Tel: (202) 514-1838

September 27, 2024

Mr. Mark Langer
Clerk of the Court
U.S. Court of Appeals for the
   District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

      Re:   *TikTok Inc v. Garland*, Nos. 24-1113, 24-1130, 24-1183 (D.C. Cir.)
            Oral argument held on September 16, 2024

Dear Mr. Langer:

     We write in response to petitioners' letter concerning *Palestine Information Office v. Shultz*, 853 F.2d 932 (D.C. Cir. 1988) (*PIO*).

     In *PIO*, the State Department ordered the closure of the Palestine Information Office, which the agency had found was operating as a foreign mission of the Palestine Liberation Organization. This Court held that any effect on the speech rights of the affiliated American organization was incidental, and the order was amply justified by the articulated foreign-relations interests. 853 F.2d at 939-40.

     The Act at issue here requires the Chinese-headquartered ByteDance to divest its interest in TikTok for that application to continue operating in the United States. As the government's brief explains (*e.g.*, at 61), the Act has at most an incidental effect on protected activity in the United States. And the compelling national-security interests amply justify such an incidental restriction, which the divestment requirement is narrowly tailored to address.

Petitioners contend that *PIO*'s conclusion that the effect on speech rights in that case was incidental is inapplicable here because "the Act directly burdens [TikTok Inc.'s] own speech (including its editorial-curation decisions regarding U.S. users' speech) as well as users' speech." But petitioners do not explain why the Act "directly" burdens any decisions made by TikTok Inc. in the United States, much less by individual users—any more than closing the mission directly burdened the plaintiff's speech in *PIO*. The Act targets the national-security risks posed by ByteDance's ownership and control of the platform, including the China-based operation of the recommendation algorithm and associated editorial decisions, Gov't Br. 59-60; *see* App.832-33—just as the action in *PIO* targeted the PLO's operation of the PIO as a foreign mission rather than any speech by the American plaintiff. To the extent that TikTok Inc. engages in a separate set of editorial decisions, or American users engage in speech, "that activity is not the Act's target," Gov't Br. 60, and the Act explicitly permits it to continue after divestment. The only conduct directly burdened by the Act is overseas conduct that could be controlled by a foreign adversary to undermine U.S. national security.

                                                Sincerely,

                                                *s/ Daniel Tenny*
                                                Daniel Tenny


cc:    All counsel of record (via CM/ECF)