# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-1113**                    **September Term, 2024**

**DOJ-Pub. L. No. 118-50**

**Filed On: December 13, 2024**

TikTok Inc. and ByteDance Ltd.,

      Petitioners

      v.

Merrick B. Garland, in his official capacity as
Attorney General of the United States,

      Respondent


------------------------------

Consolidated with 24-1130, 24-1183


      **BEFORE:**    Srinivasan, Chief Judge; Rao, Circuit Judge; and Ginsburg, Senior Circuit Judge

## O R D E R

Upon considering the motions for a preliminary injunction of the Protecting Americans from Foreign Adversary Controlled Applications Act, Pub. L. No. 118-50, div. H, the response from the Government, and the replies from the petitioners, it is

**ORDERED** that the motions be denied. At the request of the parties, this court expedited its consideration of the case "to ensure that there is adequate time before the Act's prohibitions take effect to request emergency relief from the Supreme Court." Joint Mot. to Set Briefing and Oral Argument Schedule 8 (May 17, 2024). Consistent with the schedule proposed by the parties, on December 6, 2024 this court unanimously upheld the constitutionality of the Act with respect to each claim presented by the petitioners and denied as moot the petitioners' alternative requests for a temporary injunction and to appoint a special master.

The petitioners now seek a "temporary pause" in order "to create time for further deliberation." They argue the injunction will "permit the Supreme Court to consider this case in a more orderly fashion" and "give the incoming Administration time to determine its position on this exceptionally important matter." The petitioners are not, however, "merely seeking a stay of [this] court's order, but an injunction against the enforcement of a presumptively valid Act of Congress." *Turner Broad. Sys., Inc. v. FCC*, 507 U.S. 1301, 1302 (1993) (Rehnquist, C.J., in chambers). Such a "temporary injunction against

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-1113**                                    **September Term, 2024**

enforcement is in reality a suspension of an act, delaying the date selected by Congress to put its chosen policies into effect." *Heart of Atlanta Motel, Inc. v. United States*, 85 S. Ct. 1, 2 (1964) (Black, J., in chambers). That is particularly true here because the Act reflects a deliberate choice on the part of the Congress and the President to set a firm 270-day clock — subject to one (and only one) extension of up to 90 days granted by the President if certain conditions are satisfied — after which the prohibitions of the Act take effect with respect to TikTok. *See* Op. 18–19.

The petitioners have not identified any case in which a court, after rejecting a constitutional challenge to an Act of Congress, has enjoined the Act from going into effect while review is sought in the Supreme Court. The petitioners rely upon their claims under the First Amendment to justify preliminarily enjoining the Act. As to those claims, this court has already unanimously concluded the Act satisfies the requirements of the First Amendment under heightened scrutiny. In light of that decision, the time available to the petitioners to seek further review in the Supreme Court, and the interest in preserving the Supreme Court's discretion to determine whether and to what extent to grant any interim injunctive relief while that Court considers a petition for a writ of certiorari, a temporary injunction of the Act from this court is unwarranted.

**<u>Per Curiam</u>**

                                                  **FOR THE COURT:**
                                                  Mark J. Langer, Clerk

        BY:    /s/
                    Laura M. Morgan
                    Deputy Clerk